Page 21-1077 James E. Plack Petitioner v. Office of the Comptroller of the Currency Mr. Coburn for the petitioner Ms. Hicks for the respondent Council for petitioner Thank you so much Judge Rogers. I'm Barry Coburn representing the petitioner James E. Plack. I've asked to reserve with the court's an enforcement proceeding that was undertaken by the Office of the Comptroller of the Currency which I gather everyone agrees was essentially an unconstitutional proceeding because it violated the Appointments Clause. There were two consecutive ALJs presiding over the proceeding, neither of which were appointed in accordance with the Appointments Clause and this is I Mr. Plack essentially, as you can probably tell from the record, he was seeking to defend on the merits. To some degree, the pressure was just enormous and he was flailing to some degree. We saw a review with respect to the Appointments Clause issue in the U.S. District Court in New York that was denied for jurisdictional reasons. He abandoned it on appeal. He raised it in the limited. You represented him. Oh, I did. Absolutely. And to the extent anything should have happened in that proceeding that didn't happen, I certainly bear responsibility for that. I'm not seeking to shift it on anyone else. He hasn't alleged ineffective assistance of counsel or anything like that. No, no, no. But he's coming in five years later and you really don't address that at all. Well, I mean, five years, Mr. Coburn, just to put all the facts on the table, he's coming in five years later with an intervening settlement agreement. So it seems to me that he has waived whatever arguments he may have had about that proceeding. And today we're really only focusing on the motion to reopen and the extent to which we have jurisdiction over that and the merits of that agency determination. Am I wrong about that? So with that complete statement, what's your response? Well, I think both Judge Rogers and Judge Jackson are right that certainly the principal focus here should be on the denial by the agency of the motion to reopen. I think that's fundamentally what this is about. And certainly you're right. I mean, he is here five years later, even a little bit more than five years later. I mean, essentially, he was the subject, like I said, of an unconstitutional proceeding. He had to rebuild. Before we go back to that, Mr. Coburn, before we go back to that, I understand your interest in getting us focused on what happened five years ago. But why do we have jurisdiction to hear an appeal of the agency's determination on the motion to reopen? I saw, very curiously, that you did not plead 1331 jurisdiction, right? I mean, you're only relying on this 1818-H window of opportunity. So can you just talk about your jurisdictional argument? Absolutely. We should have pled 1331 jurisdiction. I think your point is well taken. And I think there is general 1331 jurisdiction here. Basically, this is a determination by the agency, which we sought review of in the U.S. Court of Appeals within the So we can only go with what you've argued as a basis for jurisdiction. And when I look at 1818-H, it doesn't read like a generic, general, any determination of the agency come to court. It's pretty specific in terms of what it is that is the sort of precursor for the court's review. And so I'm just trying to understand why you think that this gives rise to our jurisdiction under these circumstances. Well, we did plead the APA, Judge Jackson. And I mean, we expressly pleaded that. And that, you know, is probably dependent to some degree on section 1331 jurisdiction. I mean, basically, we're alleging that there was an agency determination here, which was, you know, subject to review within the 30 days provided. And we sought that review within the 30 days provided. So I don't know. I'm sure you're right. I'm sure that you've looked carefully at our brief and found that we did not specifically reference 1331. But I do think it's implicit in the request for APA review. And I think this court has every right to review an order of the OCC that was entered. It's patently a final order. There's nowhere to go from it. And that is, as you've correctly pointed out, that's the fundamental avenue of review that we're seeking here. Review of the order precluding the reopening of what was patently an unconstitutional proceeding. And, you know, that wasn't the only mistake we made, by the way. You know, we should have included a separate section in our opening brief with respect to standing. I'd like to apologize to the court for our failure to do that. But I think standing is patent. In this case, it's obvious that there's a constitutional deprivation of his, you know, right to practice his chosen profession. I think that implicates both liberty and property interests. And I think, I mean, I think, and this is a present, it presents a fundamental constitutional issue. The agency is argument, all right, that none of that deals with the government's argument about the plain meaning of the statute. Well, what Your Honor, when you when you refer to the plain meaning of the statute, I think the statute that you're referencing is section 1818 subsections H and I. And, you know, I don't actually concede, by the way, that subsection I precludes this kind of review. I think a close reading of that language at the very end of subsection I doesn't suggest that because we're not, if you're reviewing the request for the to reopen, we're not asking for the avenues of relief that are enumerated at the end of subsection I, we're asking for something different. We're asking for, you know, kind of a normal review of an agency order. And I don't think section 1818 H or I precludes that review. I think the review is absolutely appropriate under the APA and section 1331. And I apologize to whatever extent we failed to specifically note that section in our brief. But isn't that dispositive to a certain extent? I mean, I'm desperately trying to look to see whether or not you can implicitly claim jurisdiction over if you didn't raise it in your briefs or materials. I'm not sure I've ever seen that. I don't know, Your Honor. And I hear I'm, I'm, I confess, I'm taking a little bit of a flyer. I don't have any of the applicable cases in front of me. But, you know, in terms of whether or to plead section 1330. I've got an echo there to plead section 1331. Or, or be precluded from relying upon it as a basis of jurisdiction. I don't know that, you know, that's a sort of a, you know, that's the basis for review. 99% of I'm sorry, Mr. Coleman, at a minimum, usually the courts of appeal, require you to rely only on arguments that you made in brief, like, did you make a 1331 basis for jurisdiction in your briefs? I don't think we specifically reference section 1331. But like I said, we did specifically reference the Administrative Procedure Act, to the extent that is conditioned on section 1331 jurisdiction, then I think we've invoked it. I mean, we've thought, well, do you have cases that suggest that there's even an APA kind of claim in this context, my understanding is that we have a comprehensive statutory scheme about these banking issues, that is pretty specific related to what you're supposed to do and how you challenge and enforcement actions and whatnot. And ordinarily, APA claims are sort of residual, that you can bring in APA claim if there is not another scenario in the statutes or whatnot for you to make your challenge. So I'm concerned that you may not even have an APA claim in the in the ordinary course in this kind of realm. So can you speak to that, maybe? Absolutely, I take Your Honor's point. And I think Your Honor's characterized the Administrative Procedure Act entirely accurately. And I think it fits this context like a glove, candidly. I mean, if in fact, section 1818, subsections H and I, you know, they prescribe like this sort of, you know, highly specific scheme in terms of, you know, there has to be, you know, kind of a series of steps leading to a hearing, the hearing has to be completed, there has to be an order, and then you know, you get review in the in the circuit. I understand that. But that doesn't that I don't I don't see anything in that statute or the legislative history, or even in the argument that's made by the OCC here, suggesting that that statutory scheme means that if the OCC, you know, has the kind of motion that we filed the motion to reopen a proceeding. And, you know, they deny that motion, that that means that they're the last word. They're the final word. That's precisely I mean, to take Your Honor's point, Judge Jackson, what you just said, that's precisely the reason for the APA is to make sure that they're not the final word with respect to an issue like that. Mr. Coburn, it's not quite done at that level of abstraction. Usually, if there is a scheme for a statutory scheme for people to bring challenges to the agency and have them resolved, you can't circumvent that by just bringing in, you know, it would it would make H and I and what other, you know, jurisdictional provisions in the statute irrelevant. If petitioners or people who disagree with an agency determination can just rely on the APA and come to court. So I don't I didn't interrupt you. No, no, I'm sorry. I was I was basically done. I'm just musing as to the implications of your argument. No, sure. Well, I think I mean, I take Your Honor's point. And, you know, I think if I were seeking review of, you know, something that is precluded, expressly precluded by Section 1818 I subsection I, then I think we'd be completely out of luck. But my view is that Section 1818 I, which is the that's the preclusion language that the OCC relies on, does not preclude this. The language of that subsection does not preclude the notion of filing a motion to reopen a proceeding that's been closed, have the agency deny it and then seek review by a U.S. Court of Appeals. I don't see anything in that subsection that says we can't. And if that if that subsection doesn't preclude us from doing this, then it is precisely the kind of residual relief that the APA is there for. And moreover, I think that suggests that the statute itself is not preclusive, is not supposed to be all encompassing, is not supposed to say that this is it and nothing more. You know, if Congress wanted to say that, it could have said it, but it didn't. It enumerated particular areas of relief that were unavailable in Section 1818 I. And those areas of relief exclude the relief we're looking for here. All right. Why don't we hear from the government? Good morning. May it please the court. My name is Hannah Hicks and I represent the Comptroller of the Currency. Your Honors, I would like to begin by addressing three points that Mr. Coburn made. First, with respect to the APA, the APA by its own terms does not apply where another statute precludes judicial review. Here, Section 1818 subsections H and I affirmatively preclude the review that Mr. Coburn is seeking. Second, Section 1818 I, the preclusive effect of Section 1818 I is clear and convincing. That is the clear law of this circuit. The Supreme described the preclusive effect of 1818 I is clear and convincing. And this court in Ritter v. OTS has adopted that language. And if I could just read briefly from Section 1818 I, that language states that except as otherwise provided in this section, meaning Section 1818, no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section or to review, modify, suspend, terminate, or set aside any such notice or order. Importantly, there is nothing in Section 1818 or the OCC's practice and procedure regulations that required the Comptroller to entertain the motion to reopen. The motion to reopen was simply not contemplated anywhere in our practice and procedure regulations or by statute. Third, the principal target of the instant petition is the 2015 consent order. By reviewing the motion to reopen, this court would be required to review the terms of the consent order and to effectively hold the consent order invalid as Mr. Plack is requesting that the matter be reopened and relitigated. This is a straightforward case. Federal courts are courts of limited jurisdiction and this court is simply without jurisdiction to review the petition. Can you, Ms. Hicks, can you talk me through your jurisdictional argument? Setting aside APA, just under the statute, right? You say I says we can only proceed pursuant to review any order pursuant to this statute. So help me to understand how you read H relative to all of this. Yes, Your Honor. Subsection H includes a jurisdiction granting provision that authorizes direct appeal to an appropriate Federal Circuit Court of Appeals within 30 days of a final decision by the Comptroller following an administrative hearing and a recommended decision by an administrative law judge. Subsection H also carves out consent orders from this sequence of judicial review. Here, the February 2021 order was not issued following an administrative hearing or a recommended decision by an ALJ and the 2015 consent order states that it was entered with the consent of the institution affiliated party concerned pursuant to subsection H. Turning to subsection I, this subsection includes a jurisdiction divesting provision that divests courts of jurisdiction to review orders other than those identified elsewhere in section 1818 and here the relevant provision of section 1818 is subsection H and the prerequisites to judicial review set forth in that subsection have not been met for the reasons that I've just stated. All right, so can I ask you, you said at one point that there was no provision in this Comptroller to resolve a motion to reopen. Did I hear you correctly, like there's no requirement? That's correct. Okay, so is your, what, how does that argument relate to the language of 1818H? Are you arguing that the Comptroller, in order to resolve this motion and trigger our I'm just trying to piece them together. Are you saying that in the future when a Comptroller gets a motion to reopen, they have to have, they can't resolve it without a full evidentiary hearing? I think that it's important to view the ways in which the motion to reopen is tied inextricably to the consent order. So as an initial matter, the Comptroller could not have granted the motion to reopen because it would have invalidated the consent order. Secondly, there is nothing within the statutory framework of section 1818 that would allow for, that would contemplate the here, the underlying subsection allowing for hearing on a notice of charges is section 1818E4, and that allows for a hearing based on a notice of charges to prohibit or remove an institution affiliated party from the banking system. So there is nothing within the statute that allows for hearing on a procedural motion such as a motion to reopen. And so that means, I think I hear you saying that 18H, 1818H doesn't apply to this situation because 1818H is about those sections or those determinations that are by statute required to have a hearing, you have an evidentiary hearing, the kinds of things that you're talking about in E, right? I mean, there's certain, I guess the way I was conceiving of this, and you might tell me if I'm wrong, is that it's not so didn't exercise his or her discretion to have a hearing, but this is not the type of thing for which a hearing is required by statute. And it has to be the type of thing for which a hearing is required by statute in order to trigger 1818H. Your honor, I think that this court's decision in National Bank of Davis, the OCC is particularly instructive on this point. In that case, and a litigant in OCC proceedings was subject to a consent order, which is provided for in 1818C. That consent order became final 30 days following its issuance. Thereafter, the litigant in the OCC proceedings filed a motion for reconsideration and then petitioned for review in this court on the denial of that motion for reconsideration. This court in that case stated that the principal target of the motion for reconsideration was the consent order, and thus 1818C, which is similar to 1818H. And the motion was rather a procedural maneuver to reopen the final 1818C proceedings. Did the court say it would have jurisdiction or no? It did not have jurisdiction based on a reading of 1818C and I. Right. All right. Okay. So here's a hypothetical. Suppose the Supreme Court had held six months before the motion to reopen was filed, that its decisions regarding the Appointments Clause and ALJ authority is retroactive and shall be applied by the lower courts and agencies retroactively to events occurring, I don't know, in this century sort of thing. What happens then? If the court had held that cases that may have been affected by an Appointments Clause challenge should be retroactively opened, I think that we would still have an open question about whether this matter would be affected because it was not ultimately adjudicated by an administrative law judge. And I think the threshold issue here, too, is that Mr. Plack waived any right to contest the validity of the consent order. So this court need not look to Lucia. Well, suppose the Supreme Court had tried to address this type of situation where somebody proceeds administratively. He raised an Appointments Clause argument before the agency, but things didn't look as though they were going in his direction given some of the ALJ rulings. So he decided he would opt to enter a consent order. But that was his best way out at the time. All I'm trying to hone in on here is, as I understood your answer to Judge Jackson, the controller had no authority to address the motion to reopen, period. And that it doesn't matter what the claim was, that petitioner had entered the consent order, he'd waived any and all future rights, etc. And I just want to understand, is there any remedy in a situation where the Supreme Court has said subsequently, there shall be availability of a remedy? Then what happens? It's not five years too late. He raised it before. He didn't have any right at the time he entered. The Supreme Court had not ruled at the time he entered the consent order. So I guess what the controller has to have authority to respond to available constitutional rights to an argument that that right was violated and it was material. Would you not agree? That's not this case. Right. Your answer to Judge Jackson made it seem as though, well, we have a consent order, end of discussion under any circumstances. My hypothetical is saying, well, that may be true in the circumstances we're presented with. But I just wonder if we have to be careful how we handle this case. Your Honor, I believe that under the practice and procedure regulations at Part 109, the comptroller would have authority as an exercise of discretion to enter an order relating to a hypothetical case in which Lucia's holding is extended to terminated proceedings or to proceedings where an appointments clause challenge was untimely raised. I may have confused the issue. I did not mean to suggest that my questions went to the comptroller's authority to entertain the motion to reopen. But my question did. Yes. All right. And that's why I said this was a hypothetical. Yes, absolutely. And to the extent that I suggested otherwise, I did not mean to do so. You were absolutely correct in raising that point. Anything further? Unless the panel has any further questions, I would close by stating that the congressional intent to foreclose judicial review of comptroller's orders, except in narrow circumstances that are not present here, is clear and convincing. And in any event, Mr. Platt knowingly and voluntarily waived any right to contest the validity of the 2015 consent order, which is the principal target of the instant petition. Thank you. Do my colleagues have any further questions? Thank you. All right. Counsel for petitioner. Thank you so much, Judge Rogers. I mean, I think I just heard the OCC say, and I agree with them, that there is, in fact, authority in its own rules to rule on a closed proceeding. And moreover, in this case, they did rule. I mean, there was a ruling and we have appealed it. I mean, and so, you know, I don't also don't see, I don't think the OCC argues in its brief that the ruling was erroneous that it issued because it didn't have authority to issue it. I think it could patently had authority to issue it. I don't see anything in section 1818 H or I or anywhere else in the statute precluding that authority. Moreover, as I've stated before, I don't see anything in that statute precluding judicial review with respect to this very limited issue. We're not asking this court. I'm sorry. Ordinarily, the court does not evaluate its jurisdiction by saying we don't see anything in the statutory scheme to preclude us. In fact, jurisdiction is set up the other way around, that you have to show us where we have jurisdiction. And so my concern is that even if the comptroller had the authority to make this order to entertain your motion, where in the statute does it indicate that we have the jurisdiction to review his ruling? Absolutely. Absolutely. I understand your honor's point. I'm not making the argument that section 1818 H or I can either subsection or actually anywhere in section 1818 contains some sort of specific statutory language authorizing review of this order. I think, I don't think it authorizes it and I don't think it precludes review. My point is, my central point is that the APA authorizes review. I think the APA gives this court jurisdiction. I think it authorizes review. I think it's exactly the kind of procedural jurisdiction. Mr. Coburn, if we were to issue an opinion or judgment saying that you in your brief did not demonstrate our jurisdiction and you could point us to one page of your brief that best rebutts that proposition, what page would you point us to? I'm going to wish now that I had it pulled up on the computer next to me. Your honor, give me 30 seconds just to look. Judge Rogers. I will, I think you talk about it in your reply because I don't know that you have it spanning pages four to eight. Maybe that narrows down your search. I guess, and while you're looking, I do just want to say Mr. Coburn, I don't mean it as a gotcha question. I really do want to give you the opportunity to prevent us from writing something that would be fair to you. I appreciate that very much, your honor. I think I'd refer to our opening brief page one. I mean, we speak in here, certainly there are references to section 1818. That's not part of your argument, is it? I'm sorry, your honor. Page one. Page one of the opening brief? Yeah. Well, I'm not suggesting, I'm not invoking- No, Judge Walker's question is, where is your best argument in your brief as to why this court has jurisdiction? Is that correct, Judge Walker? It is. Well, I have to concede. I don't think the brief really contains much in the way of argument as to jurisdiction. I mean, I think from what we invoke, the Administrative Procedure Act, I think in the opening brief and the reply, and I think we operated on essentially based on the understanding that by doing that, we were seeking to invoke this court's jurisdiction to review agency orders under the APA. Okay. So it's not there. I think that's about the best I can do there, your honor. I think it is. I think it's there sort of without being as direct probably as it should have been. Any thing further? No, thank you so much. Thank you. Thank you, counsel. We'll take the case under advisement.
judges: Rogers, Walker, Jackson